IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JOHN & JULIE HOFFMAN, | ) |
| | ) |
| | ) CASE NO. 06-70231 |
| | ) |
| DEBTORS. | ) |

## MEMORANDUM DECISION

The matter before the Court is the Motion for Approval of a Reaffirmation Agreement filed June 20, 2006 in which the Debtors request the Court enter an order approving the reaffirmation agreement executed by the Debtors and Salem VA Medical Center Federal Credit Union pursuant to 11 U.S.C. § 524(d). For the reasons noted below, the Court concludes that the Motion should be denied.

FINDINGS OF FACT

On March 23, 2006, the Debtors filed a voluntary joint petition for relief under Chapter 7 of the Bankruptcy Code. On the same date, the Debtors filed a Statement of Intention in which they indicated their plan to reaffirm the debt owed to Salem VA Medical Center Federal Credit Union ("Salem Federal Credit Union") secured by a 1999 Dodge Caravan. Salem Federal Credit Union was listed on the Debtors' Schedule D with a claim in the amount of $11,500.00

secured by a lien on the title to a 1999 Dodge Caravan valued at $5,125.00.[1] The Debtors' total combined monthly income was reported on Schedule I as $4,799.12 and their total monthly expenses was reported on Schedule J as $4,835.00; resulting in a negative monthly balance of $35.87.

On June 6, 2006, the Chapter 7 Trustee filed a No Asset Report. The Debtors filed the Motion for Approval of a Reaffirmation Agreement on June 20, 2006 and scheduled it for hearing on July 24, 2006. A copy of the Reaffirmation Agreement filed with the Court is attached hereto as Exhibit A and is incorporated by reference. The Reaffirmation Agreement was signed by the Debtors on June 2, 2006. Pursuant to the Reaffirmation Agreement, the Debtors agreed to reaffirm their debt to Salem Federal Credit Union in the total amount of $10,887.86.[2] The Debtors agreed to repay this amount with interest at 12.25% by making biweekly payments of $192.00 to the credit union. Part D of the Reaffirmation Agreement contains the Debtors' Statement in Support of Reaffirmation Agreement. The Debtors approved the following statement, which is intended for use if the creditor is a credit union and the debtors are represented by an attorney during the negotiation of the reaffirmation agreement[3], by signing

---

[1] Schedule D provides that the debt was incurred "around" September 2004.

[2] The credit union's debt remained secured by a lien on the Debtors' 1999 Dodge Caravan.

[3] Part C of the Reaffirmation Agreement, which is a certification by the Debtors' counsel that the Debtors' agreement was fully informed and voluntary; the agreement does not impose an undue hardship on the Debtors or the Debtors' dependents; and counsel advised the Debtors of the legal effect and consequences of reaffirmation, was not completed. This is consistent with the statements made at the July 24, 2006 hearing by the Debtors' counsel that he did not represent the Debtors in negotiating the reaffirmation agreement with Salem Federal Credit Union.

below it:

> I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.
>
> Signed: /s/ John Patrick Hoffman
>         /s/ Julie Hoffman
> Date:  6-1-06

(Debtors' Reaffirmation Agreement 8.) The Reaffirmation Agreement was not accompanied by a statement in accordance with Interim Federal Rule of Bankruptcy Procedure 4008.

A hearing was held on the Debtors' Motion on July 24, 2006 at which counsel for the Debtors and the male Debtor, John Hoffman, were present. Counsel for the Debtors explained that he was not willing to approve the reaffirmation agreement based on the Debtors' Schedule J showing a negative monthly budget and was, therefore, requesting the Court to approve the reaffirmation agreement. The male Debtor testified that the Debtors are current in their payments to Salem Federal Credit Union and that the Debtors have four years left on the loan. Mr. Hoffman stated that the payoff balance on the loan was $10,600.00 as of July 21, 2006 and that he understood that the vehicle was worth less than what was owed on it. He explained that the Debtors desire to reaffirm this debt is primarily because the female Debtor's mother is a co-signor on the loan. When asked about changes in the Debtors' budget, Mr. Hoffman advised the Court that the only change in their budget was that the mortgage company had foreclosed on their house after filing bankruptcy.[4] Consequently, the Debtors' budget no longer provided for

---

[4] PHH Mortgage Corporation filed a Motion for Relief from the Automatic Stay on March 29, 2006 alleging that the Debtors were in default two monthly payments of $775.00. On April 12, 2006, the Court entered a default order granting PHH Mortgage relief from the automatic stay.

payments to the mortgage company. As a result of the foreclosure, Mr. Hoffman is currently living with his parents and spending approximately $600 per month on housing.[5]

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. The Court's approval or disapproval of a reaffirmation agreement is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(I) and (O).

The enforceability of a reaffirmation agreement is governed by 11 U.S.C. § 524. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended the provisions of §524 with respect to reaffirmation agreements for consumer debts in cases filed on or after October 17, 2005. This case was filed on March 23, 2006. Accordingly, the provisions of BAPCPA regarding reaffirmation agreements apply in this case.

For a reaffirmation agreement to be enforceable, the agreement must satisfy the requirements of § 524(c). In a case in which the debtor is an individual "who was not represented by an attorney during the course of negotiating [the reaffirmation] agreement," the Court must hold a hearing pursuant to § 524(d). If the debt to be reaffirmed is not based in whole or in part on a consumer debt secured by real property, the Court must determine whether to approve the reaffirmation agreement under § 524(c)(6)(A) as "(I) not imposing an undue hardship on the debtor or a dependent of the debtor; and (ii) in the best interest of the debtor."

---

[5] Pursuant to Schedule J, the Debtors maintain separate households. Each Debtor reported a $500 monthly rent or mortgage payment.

-4-

Section 524(k) is a new subsection of § 524 added by BAPCPA. It sets out mandatory components of a reaffirmation agreement, which must be filed with the court in order for the reaffirmation agreement to be enforceable under § 523(c). One such component set forth in § 524(k)(3)(J) requires that the following statements be included in the reaffirmation agreement:

> 2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.
> 3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.
> 4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.
> . . . .
> . . . .
>
> 7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests
> . . . .

11 U.S.C. § 524(k)(3)(J)(I). Consequently, "[i]f the reaffirmation agreement does not contain the attorney's certification, the agreement is not enforceable unless there is also a motion for court approval, in which case a hearing will be scheduled." *In re Donald,* No. 06-00100-5-ATS, 2006 Bankr. LEXIS 1035, at *5-6 (Bankr. E.D. N.C. June 12, 2006).

In this case, the attorney's certification was not filed. However, the attorney who represented the Debtors in their Chapter 7 bankruptcy case did file a Motion for Approval of a Reaffirmation Agreement and scheduled it for hearing. The Court concludes for the purpose of

this decision[6] that although the Debtors have been represented by their attorney in connection with the Motion for Approval, the Debtors were not represented by their attorney during the course of the negotiation of the reaffirmation agreement with Salem Federal Credit Union. Pursuant to § 524(d), the Court must now decide whether the reaffirmation agreement is in the Debtors' best interest under § 524(c)(6)(A)(ii).

As noted above, the Debtors were instructed to complete Part D of the reaffirmation agreement, which contains the debtor's statement in support of the reaffirmation agreement. Section 524(k)(6)(A) requires the debtor to compute whether the debtor has sufficient disposable income to make the payments required under the reaffirmation agreement and if not, to explain how the debtor can afford to make the payments. In this case, the Debtors did not properly complete Part D. The Debtors did not demonstrate that they could afford to make the payments required under the reaffirmation agreement. Instead, the Debtors signed the statement intended for a debtor represented by an attorney in negotiating the reaffirmation agreement with a credit union. The Debtors negotiated the reaffirmation agreement with Salem Federal Credit Union without being represented by the attorney who represented them in their

---

[6] The Court notes that there are two possible interpretations of the language regarding a bankruptcy debtor's legal representation "during the course of negotiating" a proposed reaffirmation agreement. One, which is the interpretation advanced by Debtors' counsel in the present matter, is that the debtor was not represented by counsel with specific respect to the actual negotiation, if any, of such agreement. When the reaffirmation is simply re-assumption of legal liability for the existing contract, it is not clear what actual "negotiation" there might be in such process. The other interpretation is that the debtor was not represented by counsel during the time that such agreement was made. The Court notes that the first interpretation offers a powerful incentive to debtors' counsel in cases anywhere near the borderline to stand aside from exercising personal responsibility to sign or decline to sign the certification required of counsel to make such agreements enforceable and pass the matter on to the court for its resolution. Accordingly, by ruling in the present case when no argument has been requested or offered on the issue, the Court does not intend to create a precedential decision thereon.

Chapter 7 bankruptcy case. Accordingly, the Debtors should have completed the section of Part D which states:

> 1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ ---, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ ---, leaving $ --- to make the required payments on this reaffirmed. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: ---.
> 2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

11 U.S.C. § 524(k)(6)(A). Furthermore, the Debtors should have filed with the reaffirmation agreement a statement of their total income and total expenses pursuant to Interim Federal Rule of Bankruptcy Procedure 4008. It states, in pertinent part:

> The debtor's statement required under § 524(k) shall be accompanied by a statement of the total income and total expense amounts stated on schedules I and J. If there is a difference between the income and expense amounts stated on schedules I and J and the statement required under § 524(k), the accompanying statement shall include an explanation of any difference.

Interim Fed. R. Bankr. P. 4008.

The evidence before the Court does not support the conclusion that the Debtors can afford to make the payments required under the reaffirmation agreement. Schedule J shows expenses of $4,835.00 and income of $4,799.13 for a monthly deficient of $35.87. This monthly deficient is possibly larger now than at the time of filing as Schedule I states "Mrs. Hoffman's income will be reduced by approximately $2,000.00 per month due to a change in employers." Mr. Hoffman testified that he is currently spending $600 per month on housing, an amount $100

higher than the $500 mortgage payment provided for on Schedule J.

        Mr. Hoffman explained that the Debtors wanted to reaffirm this debt with Salem Federal Credit Union to protect the female Debtor's mother, who is a co-signor on the loan, in the event that the Debtors defaulted on the loan. While the Court acknowledges and understands the family dynamic involved, it concludes that the reaffirmation agreement is not in the Debtors' best interest. The only value of the vehicle involved in this case appears on the Debtors' Schedule D, where the Debtors value the vehicle at $5,125.00. Pursuant to the Reaffirmation Agreement, the total amount of debt to be reaffirmed by the Debtors is $10,887.86. Agreeing to repay more than twice the vehicle's value does not make economic sense for the Debtors. The Court cannot determine any financial benefits that the Debtors will enjoy by approving this Reaffirmation Agreement and concludes that their understandable and commendable desire to protect Mrs. Hoffman's mother is not sufficient to make their willingness to reaffirm legal liability for their discharged debt to the credit union to be in their best interest. Not approving the Reaffirmation Agreement does not necessarily mean that the Debtors will lose their vehicle or that Mrs. Hoffman's mother will be faced with a demand for payment with the threat of legal action should she fail to do so. Section 524(f) specifically allows the Debtors to continue making voluntary payments to Salem Federal Credit Union. While this Court of course cannot predict Salem Federal Credit Union's future decisions, there seems to be no reason why it would not decide that it is in its own best interest to permit the Debtors to continue making the contractual payments on the loan, which continues to be secured by collateral worth less than its loan balance, while maintaining its existing contractual claim against Mrs. Hoffman's mother. Such a decision would not only serve to preserve its existing favorable customer relationships but also

recognize that the Hoffmans have done all within their power to reaffirm the debt.[7] If it decides otherwise, that possibility is not one which is adequate to persuade the Court that reaffirmation of the debt is in the best interest of the Debtors, if they can afford it at all. For the foregoing reasons, the Court finds that approving the Reaffirmation Agreement would impose an undue hardship on the Debtors and their dependents and would not be in the best interests of the Debtors. Accordingly, an order in accordance with the provisions of this Memorandum Decision shall be entered contemporaneously herewith.

This 4th day of August, 2006.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE

---

[7] There is no reason for the Court at this point to consider the intricate arguments reviewed by United States Bankruptcy Judge A. Thomas Small in his decision in *In re Donald*, 2006 Bankr. LEXIS 1035, regarding a secured creditor's rights against collateral or co-obligors in situations where a bankruptcy debtor states his intention to reaffirm a debt, proceeds to make an agreement to do so, and continues to maintain the secured loan in a current status, but the reaffirmation agreement is not enforceable due to the bankruptcy court's refusal to approve it, something beyond the debtor's control.

# EXHIBIT A

Case 06-70231    Doc 29    Filed 08/04/06    Entered 08/04/06 15:27:30    Desc Main
Document    Page 10 of 18

1

B 240 - Reaffirmation Agreement
(10/05))

# United States Bankruptcy Court
WESTERN District of VIRGINIA

In re JOHN PATRICK HOFFMAN-JULIE W., HOFFMAN        Case No. 06-70231
                    Debtor                          Chapter 7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and    ☒ Part D: Debtor's Statement in Support of
Notice to Debtor (Pages 1 - 5)                 Reaffirmation Agreement
☒ Part B: Reaffirmation Agreement           ☐ Part E: Motion for Court Approval
☒ Part C: Certification by Debtor's         ☐ Proposed Order Approving Reaffirmation
Attorney                                       Agreement

☒ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

#### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

a.  The amount of debt you have agreed to reaffirm:        $ 10,836.99

b.  All fees and costs accrued as of the date of this
    disclosure statement, related to the amount of debt
    shown in a., above:                                    $   50.87

c.  The total amount you have agreed to reaffirm
    (Debt and fees and costs) (Add lines a. and b.):       $ 10,887.86

*Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (I) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (I) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*— And/Or —*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: __12.25__%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____@_____%;
$_____@_____%;
$_____@_____%.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (I) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

*— And/Or —*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,

P. 3

the amount of each balance and the rate applicable to it are:
$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 1999 DODGE CARAVAN VIN 1B4GP55G5XB838159 | $15,000.00 ORIGINAL LOAN AMOUNT |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

*---Or---*

Your payment schedule will be: _____(number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

*---Or---*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

LOAN BALANCE OF $10,836.99 WITH INTEREST AT 12.25% PAYABLE IN BIWEEKLY PAYMENTS OF $192.00 WITH THE NEXT PAYMENT DUE 5/5/06  ORIGINAL TERMS OF LOAN REMAIN THE SAME.

P. 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

P. 5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

P. 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   LOANLINER OPEN END VOUCHER AND SECURITY AGREEMENT

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: NONE

SIGNATURE(S):

Borrower:

_John Hoffman_
(Print Name)
_[signature]_
(Signature)
Date: 6·2·06

Co-borrower, if also reaffirming these debts:

_Julie Hoffman_
(Print Name)
_Julie Hoffman_
(Signature)
Date: 06·02·06

Accepted by creditor:

SALEM VAMC FEDERAL CREDIT UNION
(Print Name)

_____
(Signature) TRICIA TINSLEY
Date of creditor acceptance: 5/4/06

P. 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

☐ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

P. 8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered paragraphs 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read the un-numbered paragraph below. Sign the appropriate signature line(s) and date your signature.]*

    1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $_____, leaving $_____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____.

    2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

        _____
        (Joint Debtor, if any)
Date: _____

*— Or*
*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

    I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *[signature]*
        (Debtor) JOHN PATRICK HOFFMAN
        *[signature]*
        (Joint Debtor, if any) JULIE W. HOFFMAN
Date: 6-1-06